REQUESTED BY: Senator Loran Schmit State Capitol Lincoln, NE
Dear Senator Schmit:
This is in reply to your inquiry concerning the authority of the Nebraska Corn Development, Utilization and Marketing Board to make grants to public or private bodies. In responding we assume that your inquiry is made for the purpose of determining whether or not any changes should be made in the Act.
In arriving at our conclusion we point out that Neb.Rev.Stat. § 2-3602 (Supp. 1980) of the Nebraska Corn Resources Act, provides that it is in the interest of the public welfare that `the producers of corn be permitted and encouraged to develop, carry out, and participate in programs or research, education, market development, and promotion. . . .' And to authorize and prescribe `the necessary procedures whereby corn producers in this state may finance programs to achieve the activities expressed in (the act).'
We also point out that the duties of the Board, as set forth in Neb.Rev.Stat. § 2-3622 (Supp. 1980) includes authority `to develop and direct the corn commodity program' and `to authorize the expenditure of funds and contracting of expenditures to conduct proper activities of the program;' and that under the provisions of Neb.Rev.Stat. 2-3634
(Supp. 1980) the Board is not `authorized to set up research or development units or agencies of its own, but shall limit its activity to cooperation and contracts with the institute of agriculture and natural resources of the University of Nebraska and other proper local, state, or national organizations, public or private, in carrying out the purpose of (the act).'
It is to be noted that the above provisions refer to what is `proper' and that is, of course, the essence of your question.
In response to another inquiry concerning the authority of the Board we did not find any suggestion that the Legislature intended that the Board be authorized to do anything beyond that which was specifically provided in the Act and for that reason it could not contract for the construction and/or acquisition of alcohol plants.
Since the act did not specifically mention grants, in determining the nature of a grant we find that a New York court has pointed out that in Webster's new International Dictionary the term `grant' is defined as `to bestow or confer, with or without compensation,' and `a gift or bestowal by one having control or authority over it, as of land, money, etc.' This definition has also been accepted by a Texas court.
Considering this definition we examined the legislative history of the act in an effort to determine whether or not the Legislature had at any time considered authorizing the corn marketing board to bestow, confer, or make a gift of money under its authority or control to any private or public body. We did not find that such was ever considered at any stage of the legislative process.
It is therefore our conclusion that the right to make grants to public or private bodies is not within the authority granted to the Nebraska Corn Development, Utilization and Marketing Board by the Legislature.
Very truly yours, PAUL L. DOUGLAS Attorney General Bernard L. Packett Assistant Attorney General